

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 19, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-1315

Re: Whether a motor fuel tax
refund may be made under
Article 9.13(4) to a
purchaser who had not
requested an invoice of
exemption at the time of
purchase of the motor
fuel.

Dear Mr. Calvert:

You request the opinion of the Attorney General on the
question of whether a city which has purchased refund motor
fuel but which did not request an invoice of exemption and
to cover which purchase no invoice of exemption has been
issued, may receive a refund of the excise taxes paid under
the Motor Fuel Tax Law (Chapter 9 of Title 122A, Taxation-
General, V.C.S.).

You state further that the official representing the
city entered into a contract with a refund dealer to sell
motor fuel to the city for use by its various departments,
but that no request was made of the refund dealer for invoices
of exemption as the fuel was to be delivered. Neither did the
representatives of the city make request for any invoices of
exemption as they purchased the fuel. You further state that
the failure of the city representatives to request invoices
of exemption apparently was a mere oversight on their part.

Our answer to your inquiry is that none of these motor
fuel taxes may be refunded.

The pertinent and controlling statutory provisions are
the following provisions of Article 9.13, Title 122A, Taxation-
General:

"Art. 9.13

"(1)  <u>In all refund claims filed under
this Article, the burden shall be on the
claimant to furnish sufficient and satis-
factory proof to the Comptroller of the</u>

claimant's compliance with all provisions of this Article; otherwise, the refund claim shall be denied.

"(2) Any person (except as hereinafter provided), who shall use motor fuel for the purpose of operating or propelling any stationary gasoline engine, motorboat, aircraft, or tractor used for agricultural purposes, or for any other purpose except in a motor vehicle operated or intended to be operated upon the public highways of this State, and who shall have paid the tax imposed upon said motor fuel by this Chapter, either directly or indirectly, shall, when such person has fully complied with all provisions of this Article and the rules and regulations promulgated by the Comptroller, be entitled to reimbursement of the tax paid by him less one and one half per cent ($1\frac{1}{2}\%$) allowed distributors, wholesalers and jobbers, and retailers under the provisions of this Chapter. . . .

" . . .

"(4) When motor fuel is ordered or purchased for refund purposes the purchaser or recipient thereof shall state the purpose for which such motor fuel will be used or is intended to be used, and shall request an invoice of exemption which shall be made out by the selling refund dealer at the time of such delivery,. . . No refund shall be allowed unless an invoice of exemption is made out at the time of delivery, except as hereinafter provided. If it be shown by evidence sufficient and satisfactory to the Comptroller that an invoice of exemption had been duly requested by a purchaser of refund motor fuel or his agent at the time of the purchase or delivery and that its failure to be issued was through no fault of the claimant, then the Comptroller may, if he finds the motor fuel has been used for refund purposes, issue warrant in payment of the claim." (Emphasis supplied.)

Pursuant to the above statutory requirements, and based upon the facts stated in your inquiry, the city clearly failed to comply with the statutory requirements in the following respects:

1. It failed to meet the burden of furnishing sufficient and satisfactory proof to the Comptroller that it had complied with all the requisite provisions of Article 9.13, as required in subdivisions (1) and (2) of this Article.

2. The city failed to request an invoice of exemption at the time of the respective deliveries of the fuel purchased as required in subdivision (4) of this Article.

3. No evidence is submitted to excuse the responsibility imposed by the foregoing statutory provisions upon the city to request the requisite invoice of exemption, and in lieu of such requests we know of no authority authorizing the seller of the motor fuel to furnish such invoices.

The above statutory provisions are clear and emphatic. We believe they must be applied according to their plain and unambiguous terms. Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932), 39 Tex.Jur. 160-161, Statutes, Sec. 88.

## S U M M A R Y

A refund of motor fuel taxes may not be made under Art. 9.13, Title 122A, Taxation-General, where the purchaser did not request invoices of exemption at the time of the respective purchases or deliveries of the fuel and no such invoices were issued.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: _W. E. Allen_
W. E. Allen
Assistant

WEA/cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marvin Sentelle
Jerry Roberts
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.